NUMBER 13-09-00501-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RYAN MARCEL WASHINGTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Jackson County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Ryan Marcel Washington appeals from his conviction for burglary of a
habitation, a second-degree felony. See Tex. Penal Code Ann. § 30.02 (Vernon 2003);
see also id. § 12.33 (Vernon Supp. 2009). On June 9, 2009, appellant entered a plea of
guilty before a jury. After testimony, the jury assessed punishment at twenty years'
confinement in the Institutional Division of the Texas Department of Criminal Justice and
a fine of $10,000.

 Concluding that in his professional opinion there is no reversible error reflected by
the record, counsel filed an Anders brief in which he reviewed the merits, or lack thereof,
of the appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's counsel has
filed a brief with this Court, stating the following:

 In an effort to establish grounds which might reasonably support an appeal,
I reviewed the following areas, if any, for potential error: jurisdiction, pre-trial
matters, voir dire, opening statement, State's case-in-chief, Appellant's case-in-chief, objections ruled adversely to Appellant, the Court's charge,
argument of counsel, sufficiency of the evidence, and punishment.

After thoroughly discussing each area identified above, counsel concluded that there were
"no apparent irregularities requiring reversal." See In re Schulman, 252 S.W.3d 403, 407
n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders brief need not
specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has certified to this Court that he
has: (1) forwarded a copy of the brief and his request to withdraw as counsel to appellant
and advised appellant that this appeal is without merit and wholly frivolous; and (2)
informed appellant of his right to review the record and to file a pro se response. (1) See
Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252
S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has
not filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw that was carried with the case on February 25, 2010. Within five days of the
date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment
to appellant and to advise appellant of his right to file a petition for discretionary review. (2) 
See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte
Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

10th day of June, 2010.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.